Phoenix J. FINNEGAN, a Rhode
Island General Partnership

v.

SEASIDE REALTY TRUST et al.

No. 2000–162–Appeal.

Supreme Court of Rhode Island.

June 1, 2001.

Patrick T. Conley, East Providence, for
Plaintiff.

Henry M. Swan, Providence, for Defendant.

Present WILLIAMS, C.J.,
LEDERBERG, BOURCIER,
FLANDERS, and GOLDBERG, JJ.

## OPINION

PER CURIAM.

In this case, Leslie A. Parillo (Parillo), an intervenor and appellant in the matter, appeals from a Superior Court order denying her motion to vacate a judgment in favor of Phoenix J. Finnegan (Phoenix), a local real estate partnership. That judgment foreclosed all rights of redemption on a property sold by a tax collector for the Bonnet Shores Fire District. Parillo previously had leased the property with an attached option to purchase the property, and maintains that both the tax sale and the redemption foreclosure petition are void. The property in question is a single bathhouse at the Bonnet Shores Beach Club. At the time of the tax sale, it was owned by the defendant, Seaside Realty Trust (Seaside). The beneficiary of the trust was the Bonnet Shores Beach Club, Inc. (the Beach Club). Neither the trust instrument nor Parillo's lease and attached purchase option were recorded.

In 1995, Parillo signed a lease agreement with Seaside to lease the bathhouse for five years, for a monthly rent of $225.05, beginning June 8, 1995. The lease agreement provided that Parillo was to be responsible for the payment of all taxes, condominium fees and assessments levied against the property. In addition to the lease, Parillo and Seaside entered into a purchase and sale agreement, attached to the lease, whereby Seaside agreed to sell, and Parillo agreed to purchase, the leased bathhouse for the sum of one dollar "not less than 30 days prior to the expiration of the Lease." Parillo failed to record her lease and the option to purchase the property. She also failed to pay the taxes assessed against the leased bathhouse.

On May 21, 1997, a tax collector for the Bonnet Shores Fire District sold the property to Phoenix for non payment of taxes.

Before the tax sale, the tax collector notified Seaside and the mortgagees of the property. No notice was given to the Beach Club or to Parillo. The assessed value of the property was $17,700; Phoenix purchased the bathhouse at the tax sale for $106.67, the full amount of the unpaid property taxes.

On April 22, 1999, Phoenix filed a petition to foreclose all rights of redemption in the subject property. Seaside and the mortgagees were named as the respondents. Again, no notice was given to the Beach Club or to Parillo. Phoenix's petition was granted on June 4, 1999, and final judgment foreclosing all redemption rights was entered. On June 24, 1999, Parillo filed a motion to vacate the final judgment. After reviewing the evidence and hearing the arguments of counsel, the motion justice denied her motion to vacate. Parillo appealed.

Thereafter, the parties were directed by order of this Court to appear and show cause, if any, why the issues raised in the defendant's appeal should not be summarily decided. After hearing the arguments of counsel on May 14, 2001, and after examining the memoranda filed by them, we conclude that no cause has been revealed that would persuade us not to decide the case at this time. Consequently, we proceed to decide the appeal at this time. Recently, this Court declared G.L. 1956 § 44–9–11 to be unconstitutional because it "does not provide for mail or personal notice to * * * *readily identifiable interested parties* [.]" *Robert P. Quinn Trust v. Ruiz*, 723 A.2d 1127, 1129 (R.I.1999). (Emphasis added.) In that case, we determined that the vested remaindermen of a life estate "possess[ed] a substantial property interest that [was] significantly affected by a tax sale." *Id.* (quoting *Mennonite Board of Missions v. Adams*, 462 U.S. 791, 798, 103 S.Ct. 2706, 2711, 77 L.Ed.2d 180, 187 (1983)). We noted that their existence was readily identifiable from "a cursory glance at the probate record[s]." *Id.* As a result, we held that they "were interested parties entitled to notice reasonably calculated to apprise them of the tax sale." *Id.*

In the present case, the record reveals that neither Parillo's lease nor her option to purchase the bathhouse had been recorded. Thus, although Parillo certainly possessed a substantial property interest in the bathhouse that was significantly affected by the tax sale, her interests never had been recorded and its existence was not readily identifiable to either the tax collector or the title examiner employed by Phoenix. Consequently, from these particular facts, we conclude that Parillo's failure to receive notice of the tax sale did not invalidate the tax sale or the subsequent foreclosure of her right to redeem the property.

For the foregoing reasons, we deny Parillo's appeal and affirm the final judgment entered in this case. The papers in this case are ordered to be remanded to the Superior Court.